UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugene Jerome Cunningham, | ) | C/A No. 9:11-1700-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Darlene Drew, Warden FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Eugene Jerome Cunningham ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution in Bennettsville, South Carolina. He paid the filing fee for this action.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Nonetheless, this Court is charged with preliminary

---



[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

review of Petitioner's lawsuit to determine if "... it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...;" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254); and the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Background

On February 20, 1973, Petitioner was sentenced in the United States District Court for the District of Columbia to a term of 5 to 15 years for Carnal Knowledge (in violation of DC ST § 22-2801). *See* Report and Recommendation, *Cunningham v. Warden, FCI-Bennettsville*, C/A No. 9:10-2105-CMC-BM (D.S.C. April 19, 2011), ECF No. 23.[2] "On March 23, 1973, Petitioner was sentenced to 20 years to Life for Murder I (in violation of DC ST § 22-2401), and Armed Robbery (in violation of DC ST § 22-3202 & 2901), which amounted to a total aggregated term of 45 years to Life imprisonment, with a mandatory minimum of 40 years." *Id.* Notably, in the Report and Recommendation filed in Petitioner's prior case, there is a recitation of several more crimes which Petitioner was convicted of violating, including escape and assault on correctional officer.[3] *Id.*

---

2) This Court may take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3) In Petitioner's prior habeas corpus action filed pursuant to 28 U.S.C. § 2241, *Cunningham v. Warden, FCI-Bennettsville*, C/A No. 9:10-2105-CMC-BM (D.S.C. June 1, 2011), *aff'd*, No. 11-6755 (4th Cir. Aug. 23, 2011), this Court dismissed the matter without prejudice due to failure to exhaust

2



However, because those crimes are not at issue in this case *sub judice*, the undersigned has not recited them herein.

In this case *sub judice*, Petitioner seeks to vacate his 1973 conviction and sentence for Murder (two counts), entered in case number 1328-72 in the United States District Court for the District of Columbia, because those convictions allegedly constitute a fundamental miscarriage of justice. Petitioner contends that his first degree murder convictions are unconstitutional because he was not properly indicted for the murder counts and he was improperly convicted based upon strict liability as an accomplice when the elements of the crime should have been proven by the prosecution and submitted to a jury. Petitioner argues that he is actually innocent of the violation of the DC statute 22-105 (or 1805) and that he is actually innocent of the sentence because he was sentenced the same as a principal offender. Petitioner relies on alleged new law, *United States v. Castillo*, 530 U.S. 120 (2000), and *Wilson-Bey v. United States*, 903 A.2d 818 (D.C. 2006) (*en banc*).

Petitioner alleges that this Court has jurisdiction to decide his habeas case based upon 28 U.S.C. § 2241 or 28 U.S.C. § 1651(a), and that he has fully exhausted his administrative remedies within the Bureau of Prisons ("BOP"). Petitioner further argues that this Court should decide his claims for the following reasons: the United States District Court for the District of Columbia refused to adjudicate all claims presented in his initial habeas corpus proceeding; the United States Court of Appeals for the District of Columbia refused to address his claims; this Court previously

---

administrative remedies. Thus, Petitioner's prior § 2241 filed in this Court is not a bar to this action. Notably, this Court had considered Petitioner's claims in the prior case as <u>not</u> challenging the validity of his underlying sentence. *See* Order, *Cunningham v. Warden, FCI-Bennettsville*, C/A No. 9:10-2105-CMC-BM (D.S.C. June 1, 2011), ECF No. 28. Petitioner had originally filed the case in the District Court for the District of Columbia "ostensibly seeking § 2255 relief" but that district court construed the matter as one for relief under § 2241 and transferred it to this Court. *Id.*



did not adjudicate Petitioner's habeas claims; and the BOP ruled during the administrative process that Petitioner's claims for relief can only be provided by the courts. Alternatively, Petitioner argues that if this Court determines this his habeas petition should be construed as a § 2255 Petition, then it should transfer the Petition to the proper court of jurisdiction and venue in the interest of justice and judicial economy.

It appears that, in 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Columbia, and the court decided the case on the merits and denied Petitioner's request. *See* Memorandum Opinion and Order, *Cunningham v. United States*, C/A No. 05-1200 (PLF) (D.D.C. July 19, 2005), ECF No. 2. Specifically, the court found that Petitioner had presented no reason for vacating his murder convictions. *Id.* On appeal, the United States Court of Appeals for the District of Columbia Circuit affirmed the judgment of the district court. *See* Judgment, *Cunningham v. United States*, C/A No. 05-1200 (PLF) (D.C. Cir. Nov. 27, 2006), ECF No. 14. The Court of Appeals held:

> In appellant's prosecution for felony murder, it was sufficient for the government to charge and prove that appellant intentionally aided or abetted the predicate felony. See United States v. Carter, 445 F.2d 669, 672 (D.C. Cir. 1971); Kitt v. United States, 904 A.2d 348, 354-56 (D.C. 2006). Accordingly, appellant is not entitled to habeas relief on the ground that the government failed to charge or prove that he aided or intended to aid the commission of a homicide. Furthermore, because appellant's challenges to his conviction and the underlying indictment lack merit, counsel's failure to raise them did not constitute ineffective assistance. See United States v. Brown, 449 F.3d 154, 159 (D.C. Cir. 2006). Finally, we note that we have considered the case cited by appellant in his motion for judicial notice – Wilson-Bey v. United States, 903 A.2d 818 (D.C. 2006) (en banc) – and we conclude that it does not affect the analysis set forth above. See Kitt, 904 A.2d at 355-56.



*Id.* It further appears that, in 2010, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Columbia, and the court determined the petition was "another successive habeas petition" and that it lacked jurisdiction to hear it without a certification from the Court of Appeals. *See* Order, *United States v. Cunningham*, Cr. No. 72-1328 (RCL) (D.D.C. Dec. 17, 2010), ECF No. 22.

Discussion

Habeas corpus proceedings are the proper mechanisms for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself"). Thus, Petitioner's allegation that this Court may have jurisdiction over this case based on 28 U.S.C. § 1651(a), the All Writs Act, is without merit because the federal habeas corpus statutes provide for jurisdiction while a prisoner is still in custody. *Cf. United States v. Hernandez-Monreal*, 404 F. App'x 714 (4th Cir. Dec. 6, 2010). Therefore, the threshold question to be addressed is whether Petitioner's claims are properly raised in this Court pursuant to 28 U.S.C. § 2241.

From a review of Petitioner's allegations, it is readily apparent that he is not attacking the execution of his sentence. Instead, Petitioner alleges that he was wrongfully convicted of the two murder counts and that his sentence was then wrongfully lengthened due to the murder conviction. Petitioner contends that he was not properly indicted for the murder counts and was improperly

5



convicted based upon strict liability as an accomplice when the elements of the crime should have been proven by the prosecution and submitted to a jury. These allegations are an attack on the validity of the murder conviction (two counts) itself, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010).

Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* However, the Fourth Circuit Court of Appeals has held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255



motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

In this case, the § 2255 savings clause is not applicable. Petitioner may be arguing that the substantive law changed in his favor after his 1973 murder conviction because he cites to two cases rendered thereafter – *United States v. Castillo*, 530 U.S. 120 (2000), and *Wilson-Bey v. United States*, 903 A.2d 818 (D.C. 2006) (*en banc*). However, the United States Court of Appeals for the District of Columbia Circuit, which ruled on Petitioner's § 2255 petition, did consider one of those cases, *Wilson-Bey v. United States*, 903 A.2d 818 (D.C. 2006) (*en banc*), and it held that the *Wilson-Bey* case provided no relief to Petitioner. The other case, *United States v. Castillo*, 530 U.S. 120 (2000), was decided in 2000, which was prior to Petitioner's § 2255 motion, which Petitioner filed in 2005. *See* Memorandum Opinion and Order, *Cunningham v. United States*, C/A No. 05-1200 (PLF) (D.D.C. July 19, 2005), ECF No. 2. Thus, Petitioner does not allege facts which would satisfy the *In re Jones* savings clause test. In fact, it appears that most of the arguments set forth in this § 2241 Petition were previously raised by Petitioner in his § 2255 petition, and the courts rejected those arguments on the merits. Petitioner's attempt to have this Court re-hear arguments previously disposed of by the sentencing court must be rejected. *See Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006) (the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful).

Finally, this Court does not believe that it is in the interest of justice to construe this action as a § 2255 case and transfer it to the sentencing court, the United States District Court for the District of Columbia. The sentencing court has already decided one of Petitioner's § 2255 motions on the merits, and has also determined that Petitioner filed subsequent successive § 2255

7



motions. This is not a case where a prisoner mistakenly filed a habeas petition in this court that should have been filed it in the sentencing court and the one-year limitations period is running. *Cf. Shaw v. United States*, 417 F. App'x 311 (4th Cir. March 17, 2011). If Petitioner desires to bring this action as a successive § 2255 motion in the sentencing court, he may request permission from the United States Court of Appeals for the District of Columbia Circuit to do so. *See* 28 U.S.C. §§ 2244, 2255.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Petition in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases.

***Petitioner's attention is directed to the important notice on the next page.***

_____
Bristow Marchant
United States Magistrate Judge

September 16, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).