IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Eugene Jerome Cunningham, | ) | C/A NO. 9:11-1700-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Darlene Drew, Warden F.C.I.-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On September 16, 2011, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice and without service on Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on September 30, 2011, and filed an addendum to his objections on October 7, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed.

None of Petitioner's objections is persuasive. Petitioner's claim challenges the validity of his conviction and sentence, a matter to be pursued under 28 U.S.C. § 2255 in the sentencing court. Petitioner cannot show that the claims in this petition trigger the savings clause of § 2255(e) such that this § 2241 petition should proceed in this court.[1]

---

[1] Petitioner also contends that his petition should be construed as a petition for writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. Writs of *audita querela* are used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). While Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both the writ of *audita querela* and the writ of *coram nobis*, *see* Fed.R.Civ.P. 60(b) and *United States v. Beggerly,* 524 U.S. 38, 45 (1998); the Supreme Court held in *United States v. Morgan*, 346 U.S. 502 (1954), that the writ of *coram nobis* was still available in the criminal context under the All Writs Act. In light of this decision, at least five other circuits have questioned whether *audita querela* may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act. These circuits have uniformly taken the approach, however, "without deciding, that in some appropriate set of circumstances *audita querela* affords post-conviction relief to a criminal defendant." *Reyes*, 945 F.2d at 865 (collecting cases). Like these courts, this court assumes for purposes of this case that a prisoner may seek a writ of *audita querela* under the All Writs Act.

A writ of *audita querela*, however, is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Tavares v. Massachusetts*, 59 F. Supp. 2d 152, 155 (D. Mass. 1999); *see also Barber v. United States*, 60 F. App'x 487 (4th Cir. 2003) (finding that "a writ of *audita querela* was not available because [Petitioner] could have raised his claims in a motion under 28 U.S.C. § 2255). *See also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 . . . ."); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (explaining that *audita querela* may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255"). In addition, the

This petition is dismissed without prejudice and without service on Respondent.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2011

---

fact that Petitioner may be unable to obtain relief under § 2255 does not alter this analysis. *See Barber v. United States*, *supra*, (finding writ of *audita querela* unavailable even though Petitioner was unable to obtain relief under § 2255 (citing *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective because an individual is unable to obtain relief under that provision))). *See also Valdez-Pacheco,* 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

3